David R. Johanson (SBN 164141)
Rebecca D. Takacs (SBN 304015)
HAWKINS PARNELL THACKSTON & YOUNG LLP
345 California Street, Suite 2850
San Francisco, CA 94104
Telephone: (415) 766-3200
Facsimile: (415) 766-3250
djohanson@hptylaw.com
rtakacs@hptylaw.com

Attorneys for Plaintiff,
CYNTHIA MARIE VESPA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYNTHIA MARIE VESPA, Individually, and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SINGLER-ERNSTER, INC., PETER A. SINGLER, JR., an individual, and CAROL S. SINGLER, an individual,<br><br>    Defendants,<br><br>and<br><br>SINGLER-ERNSTER, INC. EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST,<br><br>    Nominal Defendant. | Case No.: 3:16-cv-03723<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF ERISA AND STATE LAW** |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiff Cynthia Marie Vespa, individually, and on behalf of all other similarly situated participants and beneficiaries of the Singler-Ernster, Inc. Employee Stock Ownership Plan (the "Class,") by and through her attorneys, brings this action against Peter A. Singler, Jr., Carol S.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF ERISA AND STATE LAW**

1  Singler and Singler-Ernster, Inc., a California corporation ("Singler-Ernster"), (collectively,
2  "Defendants"), and the Singler-Ernster, Inc. Employee Stock Ownership Plan (the "ESOP" or
3  "Nominal Defendant") under Federal Rules of Civil Procedure ("Rules") 23(a), 23(b)(1), 23(b)(2)
4  and 23(b)(3), and seeks relief against Defendants for violations of the Employee Retirement Income
5  Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, and under California law
6  for breach of fiduciary duty and the common law duty of undivided loyalty, breach of contract, and
7  breach of the implied covenant of good faith and fair dealing, and to request all necessary equitable
8  and ancillary relief to redress those violations. In accordance with Section 502(h) of ERISA, 29
9  U.S.C. 1132(h), the undersigned counsel will serve this Class Action Complaint upon the Secretary
10 of Labor and the Secretary of the Treasury by certified mail.  Plaintiff hereby alleges as follows:

## INTRODUCTION

12  1.  Plan participants and beneficiaries of an ERISA plan are entitled to enforce the provisions of ERISA and to seek relief on behalf of an ERISA plan. ERISA §§ 502(a)(1)(B), 502(a)(2) and 502(a)(3), 29 U.S.C. §§ 1132(a)(1)(B), (a)(2) and (a)(3). One of ERISA's goals is to ensure "the soundness and stability of plans with respect to adequate funds to pay promised benefits." ERISA § 2(a), 29 U.S.C. § 1001(a). To protect plan benefits, ERISA requires that those who manage the investments act solely, exclusively and prudently in the interests of plan participants. ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. §§ 1104(a)(1)(A) and (B). Fiduciaries also must discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with ERISA's other fiduciary provisions. ERISA § 404(a)(1)(D), 29 U.S.C. § 1109(a)(1)(D). ERISA also creates *per se* prohibitions barring conflicts of interest transactions between a plan and a party in interest. ERISA §§ 406-408, 29 U.S.C. §§ 1106-1108. Congress concluded that certain transactions present grave opportunities for abuse that, except in narrowly-defined circumstances, they should be prohibited. Thus, for example, subject to certain narrow exceptions, ERISA prohibits a fiduciary from acting in any capacity in any transaction involving the plan on behalf of a party whose interests are adverse to the interest of the plan. ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

2.      When ERISA's strict fiduciary standards are not met, plan participants have the authority to seek relief under ERISA §§ 409(a) and 502(a)(1)(B), (a)(2) and (a)(3), 29 U.S.C. §§ 1109(a) and 1132(a)(1)(B), (a)(2) and (a)(3), to, among other things, restore plan losses, to recover unjust profits and to obtain other remedial and equitable relief as a court may deem appropriate.

## PARTIES

3.      Plaintiff Cynthia Marie Vespa is a former employee of Singler-Ernster from February 1980 until June 13, 2014. She became a participant in the ESOP on or about 1988 and is a fully vested participant pursuant to the terms of the Singler-Ernster ESOP Summary Plan Description requiring an employee be employed five or more years for 100% vesting of an individual Stock Account. As a vested participant in the ESOP, Ms. Vespa holds shares of Singler-Ernster common stock allocated to her individual Stock Account under the ESOP. She has been a resident of the State of California from at least February of 1980 until the present and currently resides in Rohnert Park, California, which is located in the Northern District of California.

4.      Defendant Singler-Ernster is a closely-held California corporation with its principal place of business at 6950 Burnett Street, Sebastopol, Sonoma County, California. Singler-Ernster was incorporated as a California domestic corporation on May 18, 1970, by Rick Ernster and Peter A. Singler, Sr. Singler-Ernster has been the sponsor and the named fiduciary of the ESOP since June 1, 1977, when the predecessor of the ESOP, a profit sharing plan, was established. The Singler-Ernster profit sharing plan was converted into the ESOP on or about February 1988. As the ESOP's named fiduciary, Singler-Ernster has the authority to appoint the ESOP's Plan Administrator and Trustee and the responsibility to monitor their performance. Singler-Ernster was previously franchised to operate at least eight (8) restaurants under the name of Round Table Pizza in Northern California under a franchising agreement with Round Table Franchise Corporation, and regularly conducts business in California. At all relevant times, Singler-Ernster was the sponsor of the ESOP, a fiduciary of the ESOP within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii), and a party in interest to the ESOP within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

5.     Defendant Peter A. Singler, Jr. is the Chief Executive Officer ("CEO") of Singler-Ernster from November 2012 until the present. He is, and at all times relevant, has been a resident of the State of California and currently resides in Sonoma County, California. From 1990 until the present, Defendant Peter A. Singler, Jr. has been a member of the Singler-Ernster Board of Directors. From November 2012 until the present time, Defendant Peter A. Singler, Jr., served as Singler-Ernster's CEO and Board of Director member, performed the duties and responsibilities assigned to Singler-Ernster in its role as the ESOP Plan Administrator, including appointment of trustees for the ESOP, and was a fiduciary with respect to the ESOP because, among other things, he exercised discretionary authority and control respecting management of the ESOP and exercised authority and control respecting management or disposition of the ESOP's assets. Upon information and belief, Defendant Peter A. Singler, Jr. became the named Trustee of the ESOP on or about October 2013. Defendant Peter A. Singler, Jr. was a named Trustee and fiduciary of the ESOP, within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii), and a party in interest to the ESOP within the meaning of ERISA § 3(14)(A), (E) and (H), 29 U.S.C. § 1002(14)(A), (E) and (H).

6.     Defendant Carol S. Singler served as an ESOP Plan Administrator in the plan year June 1, 2014 to May 31, 2015 and was an ERISA fiduciary with respect to the ESOP because, among other things, she exercised discretionary authority and control respecting management of the ESOP and exercised authority and control respecting management or disposition of the ESOP's assets. Defendant Carol S. Singler is the step-mother of Defendant Peter A. Singler, Jr., and was married to Peter A. Singler Sr. She is, and at all times relevant, has been a resident of the State of California and currently resides in Occidental, Sonoma County, California. Defendant Carol S. Singler was an ERISA fiduciary of the ESOP, within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii), and a party in interest to the ESOP within the meaning of ERISA § 3(14)(A), (E) and (F), 29 U.S.C. § 1002(14)(A), (E) and (F).

7.     Nominal Defendant, the ESOP, was an employee benefit plan, a defined contribution plan, within the meaning of ERISA § 3(3) and (35), 29 U.S.C. § 1002(3) and (35), which is and has been administered in Sebastopol, Sonoma County, California. The ESOP is designed to be a plan

4

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF ERISA AND STATE LAW**

that meets the requirements of Section 4975(e)(7) of the Internal Revenue Code of 1986, as amended (the "Code"), 26 U.S.C. § 4975(e)(7), and Section 54.4975-11 of the Regulations promulgated by the Secretary of the U.S. Department of Treasury, 26 C.F.R. 54.4975-11. The ESOP is named as a defendant in this action solely pursuant to Federal Rule of Civil Procedure Rule 19(a) to ensure that complete relief can be granted. The ESOP was dissolved on April 30, 2016.

## JURISDICTION AND VENUE

8.  This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 1367 (supplemental jurisdiction) because this is a civil action arising under the laws of the United States and pursuant to 29 U.S.C. § 1132(e)(1), which provides for jurisdiction of actions brought under Title I of ERISA.

9.  This Court has personal jurisdiction over each of Defendants because (a) upon information and belief, Defendants have, or during the time relevant to this Complaint, had extensive contacts with the State of California as a result of their positions and/or affiliations with Singler-Ernster and/or the ESOP, (b) Defendants are or were residents of the State of California, and (c) because ERISA provides for nationwide service of process.

10. Venue is proper in the Northern District of California pursuant to 29 U.S.C. § 1132(e)(2) because (a) the ESOP was administered in Sebastopol, Sonoma County, California, within the Northern District of California, (b) some or all of the breaches of fiduciary duty and violations of ERISA took place in Sebastopol, Sonoma County, California, within the Northern District of California, and/or (c) at least one Defendant resides or may be found in the Northern District of California.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action on behalf of the ESOP participants and/or beneficiaries in an employee stock ownership plan pursuant to ERISA §§ 502(a)(1)(B), 502(a)(2) and 502(a)(3), 29 U.S.C. §§ 1132(a)(1)B), (a)(2) and (a)(3).

12. Plaintiff also brings this action as a class action pursuant to Rule 23 on behalf of the following Class: (A) All persons (1) who were Participants of the ESOP at any time before April 30, 2016, (2) who were vested in the ESOP as of April 30, 2016, (3) for whom the ESOP provided that

their benefits would be valued at the end of the fiscal year (the "Annual Valuation Date") and would be valued in accordance with the ESOP plan documents and applicable law; and (B) who were beneficiaries of any such participants. Excluded from the class are the following persons: (1) Defendants Peter A. Singler, Jr. and Carol S. Singler, (2) any person who has any beneficial interest in the accounts of Peter A. Singler, Jr. and/or Carol S. Singler, to the extent such person is entitled to benefits under the ESOP through the accounts of Peter A. Singler, Jr. and/or Carol S. Singler as opposed to amounts in their ESOP accounts based on their own employment at Singler-Ernster, (3) any member of the the Board of Trustees of the ESOP, (4) any member of the Plan Committee of the ESOP, and (5) any member of the Board of Directors of Singler-Ernster, and (6) any Plan Administrator of the ESOP

13.  **Numerosity.** The members of the Class are so numerous that joinder of all members is impracticable. According to the 2014 Form 5500 filed with the U.S. Department of Labor and Internal Revenue Service, there were 248 participants in the ESOP as of May 31, 2014, all of whom are prospective members of the Class. Additional Class members can readily be determined by appropriate discovery.

14.  **Commonality.** This case presents numerous common questions of law and fact. The following common questions of law and fact are among those applicable to members of the entire Class:

    (a)  Whether ERISA was violated by Defendant's acts and omissions, as alleged herein;

    (b)  Whether Defendants breached their ERISA fiduciary duties owed to Plaintiff and the members of the Class by failing to act prudently and solely in the interest of the ESOP participants and beneficiaries;

    (c)  Whether Plaintiff and the members of the Class have sustained injury by reason of Defendants' actions and omissions;

    (d)  Whether members of the Class are entitled to injunctive and declaratory relief against Defendants;

    (e) Whether members of the Class are entitled to attorneys' fees, expenses and costs; and

    (f) Whether the ESOP has sustained losses and, if so, what is the proper measure of such losses.

  15. **Typicality.** Plaintiff's claims are typical of the claims of the Class, as Plaintiff is a participant or beneficiary of the ESOP and brings these claims for relief on behalf of the ESOP and the Class and/or seeks identical relief.

  16. **Adequacy.** Cynthia M. Vespa (the "Named Plaintiff") will fairly and adequately protect the interests of the members of the Class because (a) Named Plaintiff has no interests antagonistic to or in conflict with the interests of the Class that she seeks to represent; (b) Named Plaintiff is willing to participate in and vigorously represent the interests of the Class that she seeks to represent; (c) Named Plaintiff has retained legal counsel to represent herself and the Class and her counsel has substantial experience prosecuting and defending class actions in general and ERISA litigation specifically, including, without limitation, litigation involving employee stock ownership plans.

  17. **Rule 23(b)(1)(B).** The requirements of Rule 23(b)(1)(B) are satisfied in this action because prosecution of separate actions by the members of the Class would create a risk of inconsistent adjudications or adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, and/or substantially impair or impede their ability to protect their interests.

  18. **Rule 23(b)(1)(A).** The requirements of Rule 23(b)(1)(A) are satisfied in this action because prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for Defendants.

  19. **Rule 23(b)(2).** The requirements of Rule 23(b)(2) are satisfied in this action because Defendants have acted and/or refused to act on grounds generally applicable to the Class, and final injunctive, declaratory, and other appropriate equitable relief with respect to the Class as a whole is appropriate and permissible. As to the claims asserted pursuant to ERISA § 502(a)(3), the only available relief is appropriate equitable relief.

7
**CLASS ACTION COMPLAINT FOR VIOLATIONS OF ERISA AND STATE LAW**

20. **Rule 23(b)(3).** Additionally and alternatively, the requirements of Rule 23(b)(3) are satisfied because the questions of law and/or fact set forth herein are not only common, but will predominate over any individual questions in this action. A class action is superior to other methods for the fair and efficient adjudication of this litigation. Because the damages suffered by many individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to individually seek redress for the wrongful conduct alleged herein.

## FACTUAL ALLEGATIONS

21. In 1966, Peter A. Singler, Sr. purchased his first Round Table Pizza restaurant in Palo Alto, California, becoming a franchisee of Round Table Franchising Corporation or its predecessor entity. Singler-Ernster was founded in 1970 as a partnership between Peter A. Singler, Sr. and Rick Ernster. Singler-Ernster owned and operated eight (8) Round Table Pizza franchised restaurants on or between November 2012 through the fall of 2014. The locations of the Singler-Ernster owned Round Table franchised restaurants, all located in the state of California, were in the following cities: Mill Valley, Novato, Terra Linda, Napa, Sebastopol, Rohnert Park, and two locations in Petaluma. Upon information and belief, Singler-Ernster owned and operated four (4) additional Round Table franchised restaurants locations on or between 1966 and November 2012. Peter A. Singler, Sr. continued his work for Singler-Ernster, serving as CEO until November 2012 when he resigned from Singler-Ernster. Peter A. Singler, Sr. is deceased.

22. Singler-Ernster established the ESOP on or about February 1988 after transitioning from a profit-sharing plan. Upon information and belief, the profit-sharing plan was established by Singler-Ernster on June 1, 1977. The ESOP was designed to invest primarily in Singler-Ernster common stock and to be an employee stock ownership plan as defined in section 4975(e)(7) of the Code. The terms of the ESOP plan documents apply equally to all plan participants and to those acting as fiduciaries or otherwise in the interests of the ESOP.

23. On or about November 2012, Defendant Peter A. Singler, Jr. became the CEO of Singler-Ernster following the resignation of Peter A. Singler, Sr. Defendant Peter A. Singler, Jr. is a

practicing attorney licensed to practice law in the State of California. Upon information and belief, Defendant Peter A. Singler, Jr. became the ESOP's trustee on or about early 2013.

24. Singler Professional Law Corp. ("Singler PLC") is a California professional law corporation incorporated by defendant Peter A. Singler Jr. with its primary place of business at 127 South Main Street, Sebastopol, California. 127 South Main Street, Sebastopol, California and 6950 Burnett Street, Sebastopol, California are street addresses for the same building located at the northeast corner of South Main Street and Burnett Street in Sebastopol, California. Upon information and belief, Defendant Singler PLC's predecessor entity was Singler & Dillon LLP, a California limited liability partnership formed between Defendant Peter A. Singler Jr. and Bryan Dillon, a resident of Sonoma County, California. Upon information and belief, Singler PLC is a secured creditor of all assets, both tangible and intangible, wherever located, and their proceeds of Singler-Ernster. Singler PLC represented Singler-Ernster in a franchising renewal dispute for declaratory relief against Round Table Franchising Corp. in the United States District Court for the Northern District of California filed on October 10, 2014, and voluntarily dismissed on January 20, 2015 (3:14-cv-04551-CRB).

25. Upon information and belief, Singler & Dillon LLP is the predecessor entity of Singler PLC. Singler & Dillon LLP is the registered trademark owner of "Terra Vino," registration no. 4633332, filed for use on May 29, 2013; "Terra Vino Restaurant," registration no. 4660678, filed for use on September 20, 2013; "Terra Vino Pizza Tapas Wine," registration no. 46633333, filed for use May 29, 2013. Upon information and belief, Singler & Dillon LLP was previously named Singler, Napell & Dillon LLP and provided legal services to the ESOP in the amount of at least $5,443 in the plan year June 1, 2010, to May 31, 2011.

26. Bacchala Vineyards, Inc. ("Bacchala") is a California corporation incorporated in 1997 with its principal places of business at 6747 Ritchurst Place, Forestville, Sonoma County, California and 6950 Burnett Street, Sebastopol, California. Upon information and belief, Bacchala is a secured creditor of all assets, both tangible or intangible, wherever located, and their proceeds of Singler-Ernster and is controlled by its President, Defendant Peter A. Singler, Jr. Upon information

and belief, 6747 Ritchurst Place, Forestville, Sonoma County, California is the personal residence of Defendant Peter A. Singler, Jr.

27. F.F.O.P, Inc. ("FFOP") is a California corporation incorporated in 1997 with its primary place of business at 127 South Main Street, Sebastopol, California. Upon information and belief, FFOP is a secured creditor of all assets of Singler-Ernster and is controlled by its President, Defendant Peter A. Singler, Jr..

28. Sonoma-Ventura Properties is a California business with its primary place of business at 6950 Burnett Street, Sebastopol, California. Sonoma-Ventura Properties is a secured creditor of all assets of Singler-Ernster. Upon information and belief, Sonoma-Ventura Properties is controlled by Defendant Peter A. Singler, Jr.

29. Upon information and belief, Singler-Ernster owns the building located at 6950 Burnett Street, Sebastopol, California, also recorded as 127 South Main Street, Sebastopol, California a commercial building that formerly housed the Sebastopol, California location of Singler-Ernster's Round Table franchise. Upon information and belief, Singler-Ernster owns the building at 890 Petaluma Boulevard North, Petaluma, California that formerly housed the Petaluma Boulevard North location of Singler-Ernster's Round Table franchise. Singler-Ernster owns the building at 1565 South Novato Boulevard, Novato, California that formerly housed Singler-Ernster's Novato Round Table franchise.

30. Upon information and belief, Peter A. Singler, Jr. created and managed a Singler-Ernster owned restaurant called Amazon Burrito Operating Corporation, a California Domestic Corporation, incorporated in or about 2000. Upon information and belief, Amazon Burrito Operating Corporation failed as a restaurant venture and was dissolved due to Peter A. Singler, Jr.'s gross mismanagement and lack of restaurant industry experience. Upon information and belief, such mismanagement by Peter A. Singler, Jr. caused financial loss to Singler-Ernster.

31. Defendant Carol S. Singler is a secured creditor of Singler-Ernster for all assets, both tangible and intangible, wherever located.

32. On or about August 25, 2014, Singler-Ernster converted four (4) of its previously franchised Round Table Pizza restaurants into Terra Vino restaurants. The four (4) converted

locations were located in Sonoma County in the California cities of Sebastopol, Rohnert Park and Petaluma, which had two locations. Round Table Pizza franchised restaurants owned by Singler-Ernster located in Napa and Marin counties, California in the locations of Mill Valley, Novato, Terra Linda, and Napa, continued to operate as Round Table Pizza restaurants until early 2016. Upon information and belief, the four (4) Terra Vino restaurants were closed by Singler-Ernster as of September 9, 2015, due to gross mismanagement by Defendants and self-interested transactions and actions by Defendant Peter A. Singler, Jr. Upon information and belief, Peter A. Singler, Jr. incorporated the Terra Vino Operating Corporation ("Terra Vino Corp.") a California corporation incorporated on April 22, 2014, a now dissolved corporation, to engage in business transactions with Singler-Ernster related to the operation of the Terra Vino restaurants for the personal benefit of Defendant Peter A. Singler, Jr.

33. Singler-Ernster received accounting services from Thomas, Porch & Gullickson Certified Public Accountants ("TPG CPAs") for ESOP plan years June 1, 2009, through May 31, 2013. Upon information and belief, TPG CPAs resigned as auditors for the ESOP on December 17, 2014, for the ESOP plan year ending May 31, 2014, due to Defendant Peter A. Singler, Jr.'s failure to provide timely financial information for an ESOP audit. The 2013 Form 5500 plan year filing for plan year June 1, 2013, to May 31, 2014, for the ESOP failed to report the withdrawal of TPG CPAs as auditors in the 2013 Form 5500. Defendants reported the withdrawal of TPG CPAs as auditors in the 2014 Form 5500 for the ESOP.

34. Upon information and belief, the ESOP received $500,000 in life insurance proceeds on or between October 26, 2013, and May 31, 2014, following the death of Peter A. Singler, Sr. on October 26, 2013.

35. Upon information and belief, on or between June 1, 2014, and May 31, 2015, Defendant Peter A. Singler, Jr. caused the ESOP to purchase $250,000 of Singler-Ernster common stock employer securities. The 2012 Form 5500 filed by the ESOP states that the fair market value of Singler-Ernster employer securities held by the ESOP as of May 31, 2013, was $980,732. The 2013 Form 5500 filed by the ESOP states that the fair market value of Singler-Ernster employer securities held by the ESOP as of May 31, 2014, was $614,906. The 2014 Form 5500 filed by the ESOP states

1  that the fair market value of Singler-Ernster employer securities held by the ESOP on May 31, 2015, was zero dollars ($0). Under the management of Defendant Peter A. Singler, Jr., beginning in November 2012 the Singler-Ernster common stock, the only employer securities held by the ESOP, lost 37.3% percent of value by May 31, 2014, and then 100% percent of value to zero by May 31, 2015.

36. Upon information and belief, Defendant Peter A. Singler, Jr. caused Singler-Ernster to enter credit agreements with Singler PLC, Bacchala, FFOP, and Defendant Carol Singler. Upon information and belief, Defendant Peter A. Singler Jr. controls Singler PLC, Bacchala, and FFOP and the assets of each entity and such entities are secured creditors of the assets of Singler-Ernster.

37. The total assets of the ESOP were valued at $1,057,957 as of May 31, 2014, pursuant to the 2013 Form 5500 filed by the ESOP. The total assets of the ESOP were valued at $135,380 as of May 31, 2015, pursuant to the 2014 Form 5500 filed by the ESOP.

38. Upon information and belief, the Form 5500 filing for the ESOP for plan year 2014 was filed late in that such Form 5500 was filed on May 3, 2016. ERISA § 104(a)(1), 29 U.S.C. § 1024(a)(1), requires that Form 5500s be filed within 210 days after the plan year ends. Upon information and belief, the ESOP did not file an Application for Extension of Time to File an Employee Plan Return due to gross mismanagement of the ESOP by Defendants Peter A. Singler, Jr., Carol S. Singler and Singler-Ernster.

39. Upon information and belief, Defendants Peter A. Singler Jr. and Singler-Ernster caused the ESOP to dissolve on April 30, 2016, and, thereby, all participants in the ESOP to became vested on April 30, 2016.

**FIRST CAUSE OF ACTION ON BEHALF OF CLASS AND THE ESOP**
**(FOR APPROPRIATE RELIEF AND APPROPRIATE EQUITABLE RELIEF PURSUANT TO ERISA SECTION 404, 29 U.S.C. § 1104; ERISA SECTION 409, 29 U.S.C. § 1109; AND ERISA SECTION 502(g), 29 U.S.C. § 1132(g))**
**(AGAINST ALL DEFENDANTS)**

40. Paragraphs 1 through 39 of this Complaint are realleged and incorporated herein by reference.

41. As an ERISA fiduciary of the ESOP, Defendant Peter A. Singler, Jr. was required to discharge his duties with respect to the ESOP solely in the interest of the participants and beneficiaries of the ESOP and for the exclusive purpose of providing benefits to the ESOP participants and their beneficiaries with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

42. Defendant Peter A. Singler, Jr. had knowledge of Singler-Ernster's declining common stock value and knew or should have known that such common stock was overvalued at the time he caused the ESOP to purchase $250,000 of Singler-Ernster employer securities on or between June 1, 2014, and May 31, 2015.

43. Defendants' misconduct, as outlined above, constituted breaches of fiduciary duty, the duty of prudence and violations of ERISA, resulting in damages to the Class and the Plan.

44. Defendants Singler-Ernster and Carol S. Singler, are liable as co-fiduciaries pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged in paragraphs 1-43 above because they knew of Defendant Peter A. Singler's breach of his fiduciary duties as described above and failed to make reasonable efforts to remedy such breaches.

**SECOND CAUSE OF ACTION ON BEHLF OF CLASS AND ESOP**
**(FOR APPROPRIATE RELIEF AND APPROPRIATE EQUITABLE RELIEF PURSUANT TO ERISA SECTION 406, 29 U.S.C. § 1106; ERISA SECTION 409, 29 U.S.C. § 1109; AND ERISA SECTION 502(g), 29 U.S.C. § 1132(g))**
**(AGAINST ALL DEFENDANTS)**

45. Paragraphs 1 through 44 of this Complaint are realleged and incorporated herein by reference.

46. Defendant Peter A. Singler, Jr.'s termination of the Singler-Ernster franchising agreement with Round Table Franchising Corp. was motivated by Peter A. Singler, Jr.'s personal interests and operated in conflict with the interests of the ESOP to protect the fair market value of the Singler-Ernster common stock held by the ESOP that is dependent on the continued profitability of Singler-Ernster. Defendants Peter A. Singler and Singler-Ernster operated several restaurants that

competed with Round Table Pizza, Inc. under the name "Terra Vino," but, as of September 9, 2015, closed all of its Terra Vino operations due to gross mismanagement by Defendants and self-interested transactions and actions by Defendant Peter A. Singler, Jr.

47. Defendant Peter A. Singler, Jr. caused his controlled entity Singler & Dillon LLP, the predecessor entity of Singler PLC to become the registered owner of Terra Vino trademarks "Terra Vino," "Terra Vino Restaurant" and "Terra Vino Pizza Tapas Wine" for the purpose of obtaining personal benefits from the conversion of Singler-Ernster's restaurant locations from Round Table franchisees to Terra Vino restaurants.

48. Defendant Peter A. Singler, Jr. caused his controlled entities Singler PLC, Bacchala, and FFOP to enter credit agreements with Singler-Ernster for the purpose of obtaining personal benefits from the assets of Singler-Ernster. Defendant Carol Singler entered into a credit agreement with Singler-Ernster for the purpose of obtaining personal benefits from the assets of Singler-Ernster.

49. These actions by Defendnats have substantially reduced the fair market value of the Singler-Ernster common stock held by the ESOP. The fair market value of Singler-Ernster common stock as valued by the ESOP is zero dollars ($0) as reported in its 2014 Form 5500 filing with the U.S. Department of Labor and Internal Revenue Service.

50. As an ERISA fiduciary to the ESOP, Peter A. Singler, Jr. was precluded from engaging in self-dealings that impaired the profitability of Singler-Ernster in a manner that foreseeably impaired the fair market value of Singler-Ernster common stock held by the ESOP. Upon information and belief, Singler-Ernster and Peter A. Singler, Jr. have caused the fair market value of the Singler-Ernster common stock held by the ESOP to drop substantially to zero dollars ($0).

51. By engaging in the termination of Singler-Ernster's franchising relationship with Round Table Franchising Corp. and using Singler-Ernster's assets to promote a competing new venture, "Terra Vino," Defendants Peter A. Singler, Jr. and Singler-Ernster breached their duty of loyalty to the ESOP by engaging in actions that had the foreseeable prospect of impairing the fair market value of the ESOP's shares Singler-Ernster common stock held by the ESOP. Defendants Singler-Ernster and Peter A. Singler, Jr., therefore, violated ERISA Section 406(b)(2), 29 U.S.C. § 1106(b)(2).

52. Defendants' misconduct, as outlined above, constituted breaches of fiduciary duty and violations of ERISA, resulting in damages to the Class and the ESOP.

53. Defendants Carol S. Singler and Singler-Ernster are liable as co-fiduciaries pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged in paragraphs 1-52 above because they knew of Defendant Peter A. Singler, Jr.'s breach of his ERISA fiduciary duties as described above and failed to make reasonable efforts to remedy such breaches.

**THIRD CAUSE OF ACTION ON BEHALF OF CLASS AND ESOP**
**(CALIFORNIA BREACH OF FIDUCIARY DUTY AND**
**THE DUTY OF UNDIVIDED LOYALTY)**
**(AGAINST DEFENDANT PETER A. SINGLER, JR.)**

54. Paragraphs 1 through 53 of this Complaint are realleged and incorporated herein by reference.

55. As a result of Defendant Peter A. Singler, Jr.'s employment relationship with Singler-Ernster, his role as a corporate officer of Singler-Ernster, and his membership on the Singler-Ernster Board of Directors, Defendant Peter A. Singler, Jr. owed Singler-Ernster, the Class and the ESOP a duty to act with the utmost good faith in the best interests of Singler-Ernster and a duty of undivided loyalty to Singler-Ernster, the Class and the ESOP.

56. Peter A. Singler, Jr. breached his fiduciary duty and duty of undivided loyalty to Singler-Ernster and the ESOP as its shareholder based, among other things, upon the conduct described in herein and to be discovered during the pendency of this case.

57. Defendant Peter A. Singler, Jr.'s misconduct, as outlined above, constituted breaches of fiduciary duty and the duty of undivided loyalty, resulting in damages to the Class and the ESOP.

### FOURTH CAUSE OF ACTION ON BEHALF OF THE CLASS AND ESOP
### (FOR DECLARATORY JUDGMENT PURSUANT TO ERISA § 410(a), 29 U.S.C. § 1110(a))
### (AGAINST DEFENDANT PETER A. SINGLER, JR.)

58. Paragraphs 1 through 57 of this Complaint are realleged and incorporated herein by reference.

59. Section 410(a) of ERISA, 29 U.S.C. § 1110(a), provides that any provision in an agreement purporting to relieve a fiduciary from responsibility or liability for any responsibility, obligation or duty under Part 4 of Title I of ERISA, 29 U.S.C. §§ 1101-1114, shall be void as against public policy.

60. Upon information and belief, the ESOP plan document provides that, to the extent permitted by law, Singler-Ernster indemnifies each member of the Board of Trustees of the ESOP against any and all personal liability or expense resulting from his or her service on the ESOP's Board of Trustees, except such liability or expense as may result from his own willful misconduct. Upon belief, the Singler-Ernster By-laws and Articles of Incorporation include similar indemnification provisions for members of the Board of Directors and corporate officers of Singler-Ernster.

61. This Complaint alleges breaches by Defendant Peter A. Singler, Jr. of the responsibilities, obligations, and duties under Part 4 of Title I of ERISA, 29 U.S.C. §§ 1101-1114. Therefore, Plaintiff, the Class, and the ESOP are entitled to a declaratory judgment that the indemnification provisions in the ESOP Plan Documents, and of the Singler-Ernster By-Laws and Articles of Incorporation, or as otherwise provided, are unenforceable as to the Causes of Action brought against Defendant Peter A. Singler, Jr. by Plaintiff on behalf of the Class and the ESOP.

16
CLASS ACTION COMPLAINT FOR VIOLATIONS OF ERISA AND STATE LAW

**FIFTH CAUSE OF ACTION ON BEHALF OF CLASS AND ESOP**
**(CALIFORNIA BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND BREACH OF CONTRACT)**
**(AGAINST DEFENDANT PETER A. SINGLER, JR.)**

62. Paragraphs 1 through 61 of this Complaint are realleged and incorporated herein by reference.

63. Defendant Peter A. Singler, Jr.'s employment relationship with Singler-Ernster, his role as an officer of Singler-Ernster, and his membership on the Singler-Ernster Board of Directors established an implied covenant of good faith and fair dealing that Peter A. Singler, Jr. owed to Singler-Ernster, the ESOP and the Class. This duty obligated Peter A. Singler, Jr. to cooperate with Singler-Ernster so that each party could obtain the full benefit of the performance of their contracts.

64. Defendant Peter A. Singler, Jr.'s actions as summarized herein have exhibited bad faith and unfair dealing in that he willfully and intentionally acted to use Singler-Ernster's assets for his own purposes, causing damages to the Class and the ESOP.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the Class and the ESOP pray that judgment be entered in their favor against the Defendants on all claims and that the Court award the following relief:

A. Determining that this action is a proper class action under Federal Rule of Civil Procedure 23 and permit appropriate notice of same to be provided to all potential Class members;

B. Declaring, pursuant to ERISA, that the Defendants who were ERISA fiduciaries at the time of the described acts have violated their fiduciary duties and duties of loyalty in the manner described;

C. That this Court order Defendants personally liable, jointly and severally, to the Class and the ESOP to make good any and all losses resulting to the Class and the ESOP as a result of their breaches of ERISA fiduciary duty and duty of loyalty, and to restore to the Class and the ESOP and/or disgorge any and all profits of each which have been made through the use of assets of the plan;

D. Declaring that the Class is entitled to have its benefits calculated and/or paid in cash;

E.  Requiring the proceeds of any recovery for the ESOP to be allocated to the accounts of the Class to make such participants whole for any injury that they suffered as a result of the breach of fiduciary duty;

F.  Declaring that the Defendant Peter A. Singler, Jr. violated his duty of loyalty, corporate fiduciary duty and implied covenant of good faith and fair dealing under California law in the manner described;

G.  For damages against Defendants in an amount according to proof at trial;

H.  For immediate preliminary and permanent injunctive relief requiring Defendant Singler-Ernster not to indemnify Defendants and that this Court shall order that the indemnification provisions in the Plan Document, Singler-Ernster's Articles of Incorporation, and Singler-Ernster's Bylaws are unenforceable with respect to the Causes of Action brought against Defendants, and that therefore, Defendants are not entitled to indemnification thereunder, including without limitation any advancement of counsel and other fees incurred in defending such Causes of Action;

I.  That this Court award the Plaintiff, the Class and the ESOP their reasonable attorneys' fees and expenses available under applicable law, including ERISA section 502(g), 29 U.S.C. § 1132(g), and any other applicable federal or state law, and costs, prejudgment interest and other damages against Defendants according to proof at trial;

J.  For an award of restitution to all persons injured as a result of Defendants' unfair and unlawful business practices and breach of the duty of good faith and fair dealing;

K.  For costs of law suit incurred herein;

L.  Requiring each of the fiduciary Defendants jointly and severally liable to restore all losses caused to the ESOP as a result of their fiduciary breaches, including the opportunity cost to the ESOP of such breaches, plus interest;

M.  Rescinding the transactions prohibited by ERISA § 406, 29 U.S.C. § 1106, and ERISA § 404, 29 U.S.C. § 1104, and requiring Defendants to take such further and other action as necessary to fully undo the transactions prohibited by ERISA § 406, 29 U.S.C. § 1106, and ERISA § 404, 29 U.S.C. § 1104;

N. Enjoining Defendants and all related parties from benefitting from any agreement that grants or purports to grant them indemnification from Singler-Ernster or the ESOP or to absolve them of liability for their fiduciary breaches;

O. Removing Defendants from any fiduciary or service provider status or position they may have in connection with the ESOP and permanently barring them from acting as fiduciaries or service providers to ERISA covered plans in the future;

P. Appointing an independent fiduciary for the ESOP with plenary authority over the ESOP at Defendants' expense to terminate the ESOP, and conclude any ESOP-related matters connected with the proper termination of the ESOP;

Q. That this Court award such other and further appropriate equitable or remedial relief to the Class and the ESOP as this Court deems equitable and just, including the payment of prejudgment interest, earnings and interest thereon, and lost opportunity costs; and

R. For such other and further relief as this Court may deem just and proper.

Dated: July 1, 2016                    Respectfully submitted,

**HAWKINS PARNELL
 THACKSTON & YOUNG**

By:   /s/ David R. Johanson
      David R. Johanson
      Rebecca D. Takacs
      345 California Street, Suite 2850
      San Francisco, CA 94104
      Telephone: (415) 766-3200
      Facsimile: (415) 766-3250

*Attorneys for Plaintiff Cynthia Marie Vespa*