United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA MARIE VESPA,

        Plaintiff,

   v.

SINGLER-ERNSTER, INC., et al.,

        Defendants.

Case No.  16-cv-03723-RS

**ORDER GRANTING MOTION TO
DISMISS, WITH LEAVE TO AMEND**

In this putative class action, plaintiff Cynthia Maria Vespa brings claims under ERISA and state law on behalf of participants in an Employee Stock Ownership Plan ("ESOP"), formerly administered by defendant Singler-Ernster, Inc. ("The Company").  The Company was founded by Peter Singler, Sr. and a partner.  The Company originally owned and operated a number of Round Table Pizza franchises in the San Francisco Bay area, on the Peninsula and in the North Bay. Vespa alleges, in essence, that upon the retirement and subsequent death of Peter Singler, Sr., his son, defendant Peter Singler, Jr., assumed control of the business and, through a series of imprudent management decisions, involving attempts to operate restaurants other than Round Table Pizza franchises, destroyed the value of the Company—thereby rendering the putative class's interest in the ESOP worthless.  Vespa particularly challenges defendants' decision to have the ESOP expend $250,000—cash acquired in a bequest from Peter Singler, Sr.—to purchase additional Company stock at a time when they allegedly knew the value of the Company and its stock was collapsing.

1    Peter Singler, Jr., (hereafter "Singler") moves to dismiss, arguing the complaint fails to

2    state a claim.  Pursuant to Civil Local Rule 7-1(b) the matter is suitable for disposition without

3    oral argument, and the hearing set for November 10, 2016 is hereby vacated.  The motion is

4    granted, with leave to amend.

5

6    *1. "Information and belief" pleading*

7    Singler's motion to dismiss places significant emphasis on the fact that the majority of the

8    substantive allegations in the complaint are qualified as being made "on information and belief."

9    Despite the common appearance of that phrase in practice, it is not a recognized pleading device

10   under the Federal Rules. Rather, Rule 11(b) of the Federal Rules of Civil Procedure provides that

11   by submitting a pleading to the court, the signatory is *always* certifying that, "to the best of the

12   person's knowledge, information, and belief, formed after an inquiry reasonable under the

13   circumstances . . . the factual contentions have evidentiary support or, if specifically so identified,

14   will likely have evidentiary support after a reasonable opportunity for further investigation or

15   discovery."

16   Thus, the phrase "on information and belief" at best constitutes surplusage.  Where, as

17   here, some of the allegations are qualified with the phrase and others are not, it is reasonable to

18   infer it is intended as caveat, to provide additional protection should Vespa be unable to prove the

19   factual allegations the phrase precedes.[1]  It thus creates a further inference that Vespa may lack

20   knowledge of underlying facts to support the assertions, and is instead engaging in speculation to

21   an undue degree.  As such, while the phrase perhaps could simply be disregarded as neither adding

22   to nor subtracting from the adequacy of the factual averments, it at least creates uncertainty that

23   supports requiring re-pleading here.

24   In any amended complaint, Vespa must be willing to make her averments without caveat

25

26   ---
     [1] Using the phrase provides no such protection as it cannot lessen the requirements of reasonable

27   pre-suit investigation under the rules

28

1  and/or with additional detail explaining the basis of her beliefs.  She, of course, remains free to

2  invoke the provision of Rule 11 that permits a party specifically to identify averments as ones

3  which it in good faith believes, "will likely have evidentiary support after a reasonable opportunity

4  for further investigation or discovery."  The present complaint, however, does not do so.

5

6          *2.  First Claim for relief—Breach of Fiduciary Duty under ERISA*

7        The parties' primary dispute regarding the adequacy of the present allegations of the

8  complaint's claim for breach of a fiduciary duty under ERISA turn on whether the pleading

9  requirements identified by the Supreme Court in *Fifth Third Bancorp v. Dudenhoeffer*, 134 S.Ct.

10  2459 (2014) ("*Fifth Third*") and *Amgen, Inc. v. Harris*, 136 S.Ct. 758 (2016) ("*Amgen*") apply

11  where the ESOP in dispute does not relate to a publicly-traded corporation.  Singler insists that

12  under *Fifth Third* and *Amgen*, Vespa must plead facts showing an "alternative action," she

13  contends Singer could and should have undertaken in lieu of the challenged conduct.  Vespa, in

14  turn, argues the concerns identified in *Fifth Third* and *Amgen* relate exclusively to the conflicts an

15  ESOP administrator may face between the duties imposed by securities laws with respect to

16  publicly-traded shares and duties towards the ESOP and its participants.

17        A fellow district court case, while not binding, provides a persuasive explanation of how

18  *Fifth Third* applies in the context of a privately-held corporation.  *See, Hill v. Hill Brothers*

19  *Construction Co., Inc*., 2016 WL 1252983 at *5 (N.D. Miss. March 28, 2016) ("Looking to the

20  other considerations the Supreme Court set forth which 'inform [ed] the requisite analysis' of the

21  'alternative action' pleading standard, none of the situations outlined by the Court are relevant for

22  closely held corporations; however, that does not necessarily preclude the application of the

23  alternative action pleading standard to closely-held entities . . . . Therefore, in order to state a

24  claim for breach of the fiduciary duty of prudence, the Plaintiffs must [still] plausibly allege an

25  alternative action that the Defendants could have taken consistent with securities laws and that a

26  prudent fiduciary in the same circumstances would not have viewed as more likely to harm the

27  fund than help it.")

28

1        Here, the gist of Vespa's claim appears to be that it would have been more prudent for

2   Singler and the other defendants not to have invested $250,000 in funds the ESOP obtained as a

3   beneficiary of the estate of Peter Singler, Sr. in purchasing additional Company stock.  While it

4   may be the case that any purchase of stock in a related entity is subject to question, Vespa has not

5   alleged sufficient facts to support a claim that it was a breach of fiduciary duty for the Company's

6   ESOP to make an investment in the stock of the Company.  Nor, at this juncture, has Vespa

7   alleged sufficient non-conclusory facts to show that the loss in value of the ESOP resulted from

8   any fiduciary breach.  These issues are only heightened by the "information and belief" issue

9   identified above.

10        That said, Singler's suggestion that dismissal should be granted without leave to amend is

11   not tenable.  Singler's attack sounds in the adequacy the current allegations, and does not establish

12   that no viable claim is possible.  Accordingly, leave to amend will be granted.

13

14        *2.  Second claim for relief—ERISA Self-dealing*

15        As currently pleaded, Vespa's second claim for relief focuses on alleged conduct that, if

16   proven, arguably may have constituted corporate mismanagement and possibly a breach of duty to

17   the Company.  This is not, however, a shareholder's derivative suit.  Vespa argues she and the

18   class may nonetheless pursue such claims because the allegations of the complaint are insufficient

19   to establish that the company is an "operating company," as opposed to a mere "holding

20   company."  While Vespa may be correct that the distinction is inherently factual, the current

21   allegations support only a conclusion that the company is an operating company, and that as a

22   result she and the putative class did not have an ownership interest in the Company assets

23   sufficient to support this claim.  Again, however, leave to amend is warranted.

24

25

26

27

28

United States District Court
Northern District of California

3.  *State law claims*

As Singler correctly points out, in the absence of viable federal claims, discretion weighs against adjudicating state law claims.  In view of the fact that leave to amend is being granted, however, some observations regarding those claims may be in order.  Even assuming ERISA preemption is not an issue if the state law claims are advanced in the alternative, or for any other reason, the third claim for relief for breach of fiduciary duties suffers from the same deficiencies as the federal claims.  The fifth claim for relief, for breach of contract (and duplicatively, for breach of the covenant of good faith and fair dealing), fails to identify a relevant contract, its terms, or the nature of the breach.  Accordingly, the state law claims are dismissed with leave to amend.

4.  *Declaratory relief.*

Vespa fails to allege facts demonstrating a present controversy exists as to the meaning and effect of the ESOP plan and any conflict between its provisions and the requirements of ERISA.  Accordingly, her claim for declaratory relief must also be dismissed, with leave to amend.

The motion to dismiss is granted.  Any amended complaint shall be filed within 20 days of the date of this order.  The Case Management Conference is hereby continued to December 22, 2016 at 10:00 a.m.

**IT IS SO ORDERED**.

Dated:  November 8, 2016

RICHARD SEEBORG
United States District Judge

CASE NO. 16-cv-03723-RS

5