David R. Johanson (SBN 164141)
HAWKINS PARNELL & YOUNG LLP
1776 Second Street
Napa, CA 94559
Telephone: (707) 299-2470
Facsimile: (707) 581-1704
djohanson@hpylaw.com

Douglas A. Rubel (*Pro Hac Vice*)
HAWKINS PARNELL & YOUNG LLP
P.O. Box 1285
Cary, North Carolina 27512-1285
Telephone: (919) 523-3638
Facsimile (404) 614-7500
drubel@hpylaw.com

Attorneys for Representative Plaintiff,
CYNTHIA MARIE VESPA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYNTHIA MARIE VESPA, Individually, and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>   v.<br><br>PETER A. SINGLER, JR., an individual, CAROL S. SINGLER, an individual, and, SINGLER-ERNSTER, INC.,<br><br>   Defendants,<br><br>and<br><br>SINGLER-ERNSTER, INC. EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST,<br><br>   Nominal Defendant. | Case No. 3:16-cv-03723-RS (AGT)<br><br>**[Proposed] FINAL ORDER AND JUDGMENT** |

IT IS on this _____ day of _____, 2021, HEREBY ADJUDGED AND DECREED, pursuant to Federal Rule of Civil Procedure 58, that:

1. The Settlement of the above-captioned matter (this "Action"), on the terms set forth in the Parties' Stipulation of Settlement and Releases, with exhibits (collectively, the "Settlement Agreement"), and definitions included therein, signed and filed with this Court on July 20, 2020 [Dkt. 170-1], and subject to this Court's Order Granting Motion for Final Approval of Settlement, Attorney Fees, and Incentive Award [Dkt. 184, dated February 23, 2021, the "Final Approval Order"], is finally approved.

2. The following class is granted final certification, for settlement purposes only, under Fed. R. Civ. P. 23(a) and 23(b)(3): (A) All persons (1) who were Participants of the Singler-Ernster, Inc. Employee Stock Ownership Plan and Trust (the "ESOP") at any time before April 30, 2016, (2) who were vested in the ESOP as of April 30, 2016, (3) for whom the ESOP provided that their benefits would be valued at the end of the fiscal year (the "Annual Valuation Date") and would be valued in accordance with the ESOP plan documents and applicable law; and (B) who were beneficiaries of any such participants. Excluded from the class are the following persons: (1) Defendants Peter A. Singler, Jr. ("Mr. Singler") and Carol S. Singler ("Ms. Singler"), and (2) any person who has any beneficial interest in the accounts of Mr. Singler and/or Ms. Singler, to the extent such person is entitled to benefits under the ESOP through the accounts of Mr. Singler and/or Ms. Singler as opposed to amounts in their ESOP accounts based on their own employment at Singler-Ernster, Inc. ("Singler-Ernster"). Also excluded from the Class are the estate or heirs, successors and assigns of Mr. Singler and Ms. Singler, any immediate member of the Singler family or his or her estate or heirs, and any trust set up for the benefit of any member of the Singler family (including the Grandchildren's trust(s) set up by Peter Singler, Sr.). Also excluded from the Class is Mark Perryman, a former ESOP participant who entered into a settlement with Defendant Singler-Ernster in 2015 that Representative Plaintiff understands precludes him from asserting claims under this Action and who has separately agreed to be excluded. No such persons shall be included in the proposed class or share in any proceeds of the Settlement, or in any award of attorneys' fees and expenses. No sum will be distributed under the Settlement to any Defendant or his or her estate or heirs or its successors and assigns, to any member of the Singler family or his or her estate or heirs,

or to any trust set up for the benefit of any member of Singler family (including the Grandchildren's trust(s) set up by Peter Singler, Sr.). For the purpose of this Paragraph, "Singler family" or "family member" means the spouse, children or lineal descendant of Mr. Singler or Ms. Singler only.

3.  The dissemination of the Class Notice in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declarations filed before the entry of the Final Approval Order [Dkts. 171, 180-2 and 182]: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this Action, the terms of the Settlement Agreement and their rights under the Settlement Agreement, including, but not limited to, their right to object to any aspect of the proposed Settlement and to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the United States Constitution (including the Due Process Clause), and the Rules of this Court, as well as complied with the Federal Judicial Center's illustrative class action notices.

4.  The claims in the Action are dismissed with prejudice pursuant to the terms set forth in the Parties' Settlement Agreement, without costs to any party except as provided in these Final Orders.

5.  The Representative Plaintiff and Class Members and/or their representatives, and all persons acting on behalf of, or in concert or participation with the Representative Plaintiff or Class Members are hereby permanently barred and enjoined from: (a) filing, commencing, or prosecuting any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims under the Settlement; and (b) bringing an individual action or class action on behalf of the Representative Plaintiff or Class Members, seeking to certify a class that includes the Representative Plaintiff or Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims under the Settlement.

6. The Settlement Administrator shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement and pursuant to the Orders of the Court and to issue IRS Form 1099-MISC to Class Members receiving benefits that require such reporting in accordance with the Settlement Agreement.

7. In accordance with the Settlement Agreement, the Representative Plaintiff and Class Members shall be paid the Gross Settlement Amount of $275,000, care of the Settlement Administrator, no later than 20 days from expiration of the appellate period of the date of the entry of this Final Order and Judgment.  Ms. Singler shall pay the sum of Twenty-Five Thousand Dollars ($25,000) and Defendants' insurer, Liberty Insurance Underwriters, Inc., shall pay the sum of Two Hundred Fifty Thousand Dollars ($250,000). This amount shall be disbursed to the Settlement Administrator and then distributed by the Settlement Administrator to the Representative Plaintiff and Class Members pursuant to the terms of the Settlement Agreement. From this Gross Settlement Amount shall be deducted the following:

    a. Class Counsel shall be awarded reasonable attorneys' fees in an amount of Ninety-One Thousand Five Hundred Seventy-Five Dollars ($91,575), plus Twenty-eight Thousand Seven Hundred Thirty-Seven and 28/100 Dollars ($28,737.28) in costs, which amount is approved as fair and reasonable, in accordance with the terms of the Settlement Agreement and this Court's Final Approval Order; and

    b. Representative Plaintiff Cynthia Marie Vespa shall be awarded Two Thousand Five Hundred Dollars ($2,500) as incentive payment in her capacity as representative of the Plaintiff Class in the Action, plus the reimbursement of costs and expenses associated with this Action in the amount of Three Thousand Five Hundred Forty-Seven and 44/100 Dollars ($3,547.44), in accordance with this Court's Final Approval Order.

8. The Settlement Administrator shall be awarded the reasonable costs of the Settlement Administrator in administering the Settlement, not to exceed Seven Thousand Five Hundred Dollars ($7,500).

9. Termination of Receiver. This Court's prior Appointment of Peter A. Singler, Jr. to serve as a receiver of Singler-Ernster, Inc. for the sole and limited purpose of executing documents to facilitate the settlement of this Action is hereby terminated because those tasks have been completed.

10. The Court will retain continuing jurisdiction over the parties and the Action for the reasons and purposes set forth in this Final Order and Judgment, the Final Approval Order, and any other orders related to completing the Settlement. Without in any way affecting the finality of these Final Orders and/or this Final Order and Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of the Final Approval Order and this Final Judgment, and for any other necessary purpose. *See Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 U.S. 375, 381-82.

Dated: _____ \_\_\_, 2021

_____
Hon. Richard Seeborg
UNITED STATES DISTRICT JUDGE